**UNITED STATES of America,**
**Appellee,**

v.

**Michael Eugene EAGAN, a/k/a David Bruce Griffith, Appellant.**

**No. 75–1032.**

United States Court of Appeals,
Eighth Circuit.

Submitted April 15, 1975.

Decided May 8, 1975.

Certiorari Denied Oct. 6, 1975.

See 96 S.Ct. 106.

VAN OOSTERHOUT, Senior Circuit Judge.

Defendant Eagan appeals from his conviction by a jury on his plea of not guilty to an indictment charging violation of 18 U.S.C. § 2312 (Dyer Act) and the resulting sentence. The appeal raises the following asserted errors:

I. Prejudicial improper comments on evidence by the trial judge.

II. Admission of hearsay evidence to prove ownership of the vehicle.

III. Admission in evidence of pretrial statements of defendant made while in custody.

Our examination of the record satisfies us that each of the asserted errors lack merit. We affirm.

## I.

■ Defendant's counsel, when afforded an opportunity to except to the instructions, stated: "I will just make a general objection to the court's comments to the jury." Such objection was overruled. The objection made does not meet the requirements of Rule 30, Fed. R.Crim.P., in that it fails to state the specific matter to which defendant objected or the ground for his objection. Consequently, no error is preserved for review. United States v. Sargis, 460 F.2d 1329, 1330–1331 (8th Cir. 1972); Harding v. United States, 337 F.2d 254, 257 (8th Cir. 1964).

■ We have examined the instructions as a whole and determine that the court committed no plain error with respect to the instructions. From defendant's brief it appears that his complaint is directed at a statement in the instructions in substance to the effect that if the jury believed all of the Government's witnesses, the Government has established every element of the crime charged.

■ A trial court is afforded considerable latitude in commenting on evidence. Gant v. United States, 506 F.2d 518, 520 (8th Cir. 1974); United States v. Wil-

Ray Conrad, Asst. Federal Public Defender, Springfield, Mo., for appellant.

Donald R. Cooley, Asst. U. S. Atty., Springfield, Mo., for appellee.

Before VAN OOSTERHOUT and JONES,* Senior Circuit Judges, and HENLEY, Circuit Judge.

* Honorable Warren L. Jones, Senior U. S. Circuit Judge, Fifth Circuit, sitting by designation.

liams, 505 F.2d 947, 949 (8th Cir. 1974); United States v. DePugh, 434 F.2d 548, 554 (8th Cir. 1970). The court in its instructions repeatedly clearly advised the jury that any observations he made with respect to the evidence were not binding upon the jury and that the jury is the sole judge as to facts. The court did not go beyond proper limitations on comments with respect to the evidence. The instructions as a whole fairly submitted the case to the jury.

## II.

The vehicle defendant is charged with stealing is a truck secured from the Ford Motor Company which had not previously been registered. The vehicle at the time it was taken by defendant was in the possession of O'Mara Ford. Mr. Formby, sales manager of O'Mara Ford, produced the invoice from the Ford Motor Company covering the vehicle here involved and identified the invoice as a document showing ownership of the vehicle by O'Mara Ford. Mr. Formby testified that he was in charge of the inventory. The invoice is the basis for transfer of the invoiced vehicle to a purchaser. Mr. Formby testified that O'Mara Ford after it recovered the stolen vehicle sold and delivered title to it to the purchaser.

 Defendant objected to the admission of the invoice upon the ground that Mr. Formby was not the custodian of O'Mara Ford records and hence a proper foundation had not been placed for the introduction of the invoice as required by 28 U.S.C. § 1732. The court in overruling the objection, stated: "That is not a business record kept by this company. It is evidence of title, it will be admitted in evidence." The trial court has a large discretion with respect to the admissibility of evidence. United States v. Skillman, 442 F.2d 542, 551 (8th Cir. 1971). The court did not abuse its discretion in admitting the invoice.

## III.

 The trial court after an evidentiary hearing denied defendant's motion to suppress statements defendant made to the officers after his arrest. The trial court determined such statements were made after defendant was given full *Miranda* warnings and after defendant had consulted his attorney. The court also found the statements were not coerced. Such findings are supported by substantial evidence. The defendant at the trial claimed he made no statements to the officers. No error was committed in receiving in evidence the officers' testimony with respect to statements which they testified were made by the defendant.

Affirmed.