Calvin CHATMAN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 77–1204.

United States Court of Appeals,
Eighth Circuit.

Submitted May 26, 1977.

Decided June 6, 1977.

---

Joel Case, Manchester, Mo., filed brief, for appellant.

Barry A. Short, U. S. Atty. and Richard D. Billeaud, Asst. U. S. Atty., St. Louis, Mo., filed brief, for appellee.

Before HEANEY, ROSS and WEBSTER, Circuit Judges.

PER CURIAM.

Calvin Chatman was indicted for falsely altering and forging a United States Treasury check, 18 U.S.C. § 495; uttering and publishing the check, 18 U.S.C. § 495; and possession of stolen mail matter, 18 U.S.C. § 1708. He was acquitted by a jury on the second count, uttering, and appeals his conviction on the other two counts, urging that: (1) the evidence was insufficient to support a verdict on Counts I and III; (2) the court erred in refusing the appellant's expert witness instruction; and (3) he was entitled to a directed verdict on Count II because the government failed to state a prima facie case in its opening statement and to present a submissible case in chief. We affirm.

The bulk of the trial testimony was that of a United States Postal Service Document Analyst, who concluded that the handwriting on exemplars furnished by Chatman was the same as that on the forged endorsement. The payee testified that the check normally arrived close to the date of its date, in this case February 3, 1976. He further testified that his mail was forwarded to his new home, nearby Chatman's, but not until "about a month" from January 6, 1976, the date he requested forwarding. A postman testified that the mail would have been forwarded at least by January 8, 1976. Chatman's mailbox was close to that of the payee.

■ Viewing the evidence in the light most favorable to the government, *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1942), *cited with approval in Hamling v. United States,* 418 U.S. 87, 124, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974); *United States v. Frazier,* 545 F.2d 71, 74 (8th Cir. 1976), *cert. denied,* 429 U.S. 1078, 97 S.Ct. 823, 50 L.Ed.2d 798 (1977), and accepting as established all reasonable inferences to support the jury's verdict, *United States v. Frazier, supra,* we conclude that substantial evidence supported the convictions on Counts I and III.

The testimony of the handwriting expert, coupled with the jury's independent examination of the handwriting exemplars and the check endorsement, may be sufficient in and of itself to support the conviction on Count I. *United States v. Duck,* 423 F.2d 1200 (4th Cir. 1970); *United States v. Acosta,* 369 F.2d 41 (4th Cir. 1966), *cert. denied,* 386 U.S. 921, 87 S.Ct. 886, 17 L.Ed.2d 792 (1967). In the present case, however, corroboration was provided by testimony showing that the payee's mail was forwarded at approximately the time his check would normally have been delivered and would, therefore, have been easily accessible to the defendant.

■ Chatman's second contention is that the instruction given on expert testimony was erroneous because, unlike his proposed instruction, it did not explicitly state that the jury could disregard the expert testimony entirely. Chatman's counsel failed to state the ground for his objection to the refusal of his proposed instruction and, therefore, failed to preserve any error for review. Fed.R.Crim.P. 30; *United States v. Eagan,* 516 F.2d 1392, 1393 (8th Cir.), *cert. denied,* 423 U.S. 856, 96 S.Ct. 106, 46 L.Ed.2d 81 (1975); *United States v. Johnson,* 516 F.2d 209, 213 (8th Cir.), *cert. denied,* 423 U.S. 859, 96 S.Ct. 112, 46 L.Ed.2d 85 (1975). Moreover, the instruction does not constitute plain error under Fed.R.

Crim.P. 52(b), since the difference between the given and the refused instruction is slight and the given instruction correctly states the law. *United States v. Alexander,* 526 F.2d 161, 164 (8th Cir. 1975); *United States v. Burden,* 497 F.2d 385, 387 (8th Cir. 1974).

█ We find no authority to support Chatman's contention that he was entitled to dismissal of Count II because the government failed to state a prima facie case in its opening statement. Nor do we find the statement to be misleading or confusing. Any error in refusal to dismiss Count II after the government's opening statement or to direct a verdict for Chatman on Count II at the conclusion of all the evidence was harmless in the light of the jury's verdict of acquittal on that count. Chatman's assertion of prejudice in that the jury used Count II in a trade-off or compromise is without merit. *United States v. Cobb,* 446 F.2d 1174, 1177 (2nd Cir.), *cert. denied,* 404 U.S. 984, 92 S.Ct. 451, 30 L.Ed.2d 369 (1971); *cf. Lewis v. United States,* 382 F.2d 232, 237 (8th Cir. 1967). We also note that the trial court instructed the jury to consider each count separately and not to let the verdict on one count influence the verdict on any other offense charged.

The judgment is affirmed.