UNITED STATES of America, Appellee,

v.

Rochelle Ponca NEISS, Appellant.

No. 81–2381.

United States Court of Appeals,
Eighth Circuit.

Submitted May 20, 1982.
Decided July 28, 1982.

Philip N. Hogen, U. S. Atty., Bonnie P. Ulrich, Asst. U. S. Atty., Sioux Falls, S. D., for appellee.

Carleton R. Hoy, Davenport, Evans, Hurwitz & Smith, Sioux Falls, S. D., for appellant Rochelle Ponca Neiss.

Before ROSS, McMILLIAN and JOHN R. GIBSON, Circuit Judges.

ROSS, Circuit Judge.

On July 23, 1981, the defendant, Rochelle Ponca Neiss, was indicted for second degree murder under 18 U.S.C. §§ 7 and 1111 in connection with the shooting death of Donald Frank Guerue. After a jury trial in the United States District Court for the District

of South Dakota, Western Division, the defendant was convicted of voluntary manslaughter and sentenced to a term of imprisonment for three years, with a request that the sentence be served at the Women's Correctional facilities at the Human Services Center in Yankton, South Dakota. The defendant grounds this appeal upon the trial court's alleged error in: (1) denying the defendant's request for a jury instruction on the lesser-included offense of simple assault, and (2) failing to reinstruct the jury on self-defense when it gave supplemental instructions. We affirm the conviction.

## I. Factual Background

The deceased and the defendant had known each other for approximately ten years and had been living together on and off the year prior to Guerue's death. In early January 1981, the relationship between the defendant and Guerue had deteriorated partially because the defendant had been seeing another man. On the morning of January 5, 1981, the defendant and Guerue had a fierce argument about the defendant's new boyfriend. The argument continued throughout the day, and in the evening defendant voluntarily accompanied Guerue to a bar in Valentine, Nebraska, with some friends. Later that night or in the early morning hours of January 6, 1981, the defendant and Guerue again had a fight over defendant's new relationship, and she was physically beaten by Guerue. The two parted company and later in the afternoon of January 6, the defendant went for a ride with Guerue in his car. They proceeded toward Rapid City, South Dakota, and stopped at an unknown point where Guerue threatened the defendant. When Guerue got out of the idling automobile to eject the defendant, she seized a rifle from the back seat and shot Guerue from a distance of more than three feet. The defendant then drove Guerue's car out of the Badlands and abandoned it at Olsonville, South Dakota. The defendant never stopped to obtain assistance for Guerue, nor did she report or attempt to report the shooting upon her return home.

On March 22, 1981, the partially decomposed body of Guerue was discovered in Badlands National Park by a traveler. After an autopsy by a forensic pathologist, the cause of Guerue's death was determined to be from a gunshot wound to the chest. The defendant was questioned by investigators but twice denied any knowledge of Guerue's whereabouts. Finally, on June 10, 1981, after failing a voluntary polygraph examination, the defendant admitted shooting Guerue on January 6, 1981.

## II. Lesser-included Offense Instruction

A defendant is entitled to an instruction on a lesser-included offense if: (1) a proper request is made; (2) the elements of the lesser offense are identical to part of the elements of the greater offense; (3) there is some evidence which would justify conviction of the lesser offense; (4) the proof on the element or elements differentiating the two crimes is sufficiently in dispute so that the jury may consistently find the defendant innocent of the greater and guilty of the lesser-included offense; and (5) there is mutuality, i.e., a charge may be demanded by either the prosecution or defense. *United States v. Thompson*, 492 F.2d 359, 362 (8th Cir. 1974). Furthermore, it is well settled that when the evidence, taken in its entirety, does not provide a rational basis for a jury to find the elements necessary to support the lesser-included offense instruction, the trial court may properly exclude such an instruction. *United States v. Elk*, 658 F.2d 644, 648 (8th Cir. 1981); *see also Hopper v. Evans*, —— U.S. ——, 102 S.Ct. 2049, 72 L.Ed.2d 367 (U.S.1982).

In the present case the controversy concerning the propriety of lesser-included offense instructions centers on the third and fourth elements contained in *Thompson*. The defendant argues that the trial court erred in denying the defendant's request for a jury instruction on the lesser-included offense of simple assault. The offense of simple assault is defined in S.D. Codified Laws Ann. § 22–18–1 (1979) which provides:

22-18-1. Simple assault. Any person who:

(1) Attempts to cause bodily injury to another, and has the actual ability to cause the injury;

(2) Recklessly causes bodily injury to another;

(3) Negligently causes bodily injury to another with a dangerous weapon; or

(4) Attempts by physical menace to put another in fear of imminent serious bodily harm, with or without the actual ability to seriously harm the other person;

is guilty of simple assault. Simple assault is a Class 1 misdemeanor.

After carefully reviewing the record in this case, we conclude that the trial court did not err because the evidence does not provide a proper basis for the jury to find the elements needed for a conviction based on simple assault. Furthermore, in *United States v. Lincoln*, 630 F.2d 1313 (8th Cir. 1980) this court held that there is a requirement of calling the trial court's attention to the specific fact situation that would warrant giving the lesser-included offense instruction. In this case, the record contained no such allegation by the defendant.

It is clear from the record that Guerue was killed by a bullet which was fired from the gun that the defendant seized from Guerue's automobile. The record is silent as to any testimony or allegations that the wound was inflicted in a negligent or reckless manner. The defendant's theory throughout the case was that she intended to shoot Guerue; however, the shooting was justified due to self-defense. Therefore, the jury could not properly have concluded that defendant was guilty only of a simple assault. In *United States v. Thompson*, 490 F.2d 1218 (8th Cir. 1974), the court held that where the defendant waved a loaded .22 caliber rifle in the air when he ordered his wife out of the automobile and a shot was fired as his wife attempted to exit, the rifle when used in such a manner constituted a dangerous weapon *per se*, thus precluding an instruction on simple assault as a lesser-included offense. Thus, because there was no dispute on the elements differentiating the lesser-included offense from the greater, we conclude that the trial court did not abuse its discretion in refusing the defendant's proffered instruction on simple assault.

### III. Supplemental Instructions

The defendant also assigns as error the trial court's refusal to reinstruct the jury on self-defense when it gave its supplemental charge on second degree murder, malice and manslaughter pursuant to a specific handwritten request sent out by the jury during deliberation.

A jury request for additional instructions is a matter addressed to the sound discretion of the trial judge. *United States v. Gordon*, 455 F.2d 398, 402 (8th Cir.), *cert. denied*, 406 U.S. 970, 92 S.Ct. 2428, 32 L.Ed.2d 670 (1972). In so limiting the supplemental instructions, the trial judge was following the mandate of the Supreme Court that when the jury explicitly states its difficulties, a trial judge should clear them away with concrete accuracy. *Bollenbach v. United States*, 326 U.S. 607, 612-13, 66 S.Ct. 402, 405, 90 L.Ed. 350 (1946). Furthermore, it is well settled that a trial court is not required to speculate upon the purpose of the jury's inquiry during its deliberations, the court, if it chooses to reply, should answer the inquiry within the specific limits of the questions presented. *Apel v. United States*, 247 F.2d 277, 283 (8th Cir. 1957); *see also United States v. Chatham*, 568 F.2d 445, 451 (5th Cir. 1978), *rev'd on other grounds*. This court has reaffirmed this position recently in *United States v. Piatt*, 679 F.2d 1228, at 1231 (8th Cir. 1982) where we held that when the jury makes a specific request for reinstruction on certain issues, the district court may properly limit its reinstruction to the issues requested. Therefore, the trial court did not err in refusing to include the self-defense instruction in the supplemental charge.

Affirmed.