**UNITED STATES of America, Appellee,**

v.

**Robert Louis STERLEY, Appellant.**

**No. 84–2628.**

United States Court of Appeals, Eighth Circuit.

Submitted May 23, 1985.

Decided June 14, 1985.

Rehearing Denied July 12, 1985.

Leslie R. Ablondi, Little Rock, Ark., for appellant.

Robert L. Neighbors, Asst. U.S. Atty., Little Rock, Ark., for appellee.

Before HEANEY, Circuit Judge, HENLEY, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

PER CURIAM.

Robert Louis Sterley appeals from a final judgment entered in the District Court [1] for the Eastern District of Arkansas upon a jury verdict finding him guilty of bank larceny in violation of 18 U.S.C. § 2113(b). The district court sentenced appellant to a term of four years imprisonment. For reversal appellant argues that the district court erred in (1) instructing the jury on specific intent and (2) denying his motion for judgment of acquittal because there was insufficient evidence to support the jury verdict. For the reasons discussed below, we affirm the judgment of the district court.

Construing the evidence in the light most favorable to the jury verdict, *Hamling v. United States,* 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974), the facts can be summarized as follows. Appellant opened an account on June 6, 1983, at the Twin City Bank in the name of Bob Sterley, d/b/a Sterley Development Company. While the account was active, it was overdrawn on several occasions. Finally, the bank requested that appellant close the account, which he did on September 2, 1983. To close the account, the bank official at Twin City Bank made a check payable to cash, had appellant endorse it, and gave him the proceeds.

On October 17, 1983, appellant opened an account at Superior Federal Bank with a check in the amount of $1,600 drawn on Twin City Bank. On October 21, 1983, the $1,600 check was returned by Twin City Bank because the account had been closed. However, prior to the time the check was returned, Superior Federal had honored several checks drawn on appellant's account based on the $1,600 bad check. When appellant's account at Superior Federal was finally closed in February, there were 33 overdraft charges against it.

A Superior Federal Bank official confronted appellant regarding the losses sustained by the bank and appellant promised to make restitution on a payment plan. Appellant, however, made only two payments totalling $75.

At trial a Superior Federal Bank official testified that appellant told him that he knew that what he had done was wrong, but that he did not have the money to cover the loss suffered by the bank. An acquaintance of appellant testified that appellant knew that the check was being drawn on a

---

**1.** The Honorable Elsijane T. Roy, United States District Judge for the Eastern and Western Districts of Arkansas.

closed account. Lastly, a Federal Bureau of Investigation agent who interviewed appellant testified that appellant admitted writing a check on a closed account and that he had done this in order to pay delinquent bills.

■ The district court instructed the jury that "unlawfully means contrary to the law. So, to do an act unlawfully means to do willfully something which is contrary to the law." Appellant argues that this instruction negated the government's requirement to prove specific intent to commit the offense and allowed the jury to place undue importance on the testimony that appellant knew it was wrong to write bad checks.

■ We are unpersuaded by appellant's argument. As we reiterated in *United States v. Hutchings*, 751 F.2d 230, 239 (8th Cir.1984), "[w]hen reviewing jury instructions, we must consider the instructions as a whole." In addition to the instruction on willfulness, the district court also instructed the jury that

> [t]he crime charged in this case is a serious crime which requires proof of specific intent before the defendant can be convicted. Specific intent, as the term implies, means more than the general intent to commit the act. To establish specific intent, the government must prove that the defendant knowingly did an act which the law forbids, purposely intending to violate the law. Such intent may be determined from all the facts and circumstances surrounding the case.

The instructions as a whole accurately instructed the jury on specific intent, and we hold, therefore, that the district court did not err in instructing the jury.

Appellant also argues that the evidence presented at trial was insufficient to sustain the guilty verdict returned by the jury. In particular, appellant asserts that the government did not produce sufficient evidence of specific intent.

■ As we stated in *United States v. Hutchings*, 751 F.2d at 238, "[i]n reviewing the sufficiency of evidence to support a

guilty verdict, we must view the evidence in the light most favorable to the government, and accept all reasonable inferences favorable to the government that logically may be drawn from the evidence." Evidence was presented that appellant opened an account with a check drawn on an account which he had personally closed one month earlier. For months he continued to write checks drawn on the second account despite receipt of 33 notices of unpaid overdrafts. Intent and guilty knowledge may be proven circumstantially and often cannot be proven any other way. *See United States v. Hudson*, 717 F.2d 1211, 1213 (8th Cir.1983). The government also presented evidence of appellant's admissions that he knew what he had done was wrong, but had done so purposely in order to pay overdue bills. After careful examination of the record, we hold that the evidence of specific intent was sufficient to support the jury verdict.

Accordingly, the judgment of the district court is affirmed.