829 F.2d 39
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles KETTLES, Defendant-Appellant.
 No. 86-2070
 United States Court of Appeals, Sixth Circuit.
 September 17, 1987.
 
 Before BOYCE F. MARTIN, Jr., NATHANIEL R. JONES and WELLFORD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant, Charles Kettles, was indicted in March of 1986 for conspiracy to distribute over 1,000 pounds of marijuana, possession with intent to distribute over 1,000 pounds of marijuana (two counts), possession with intent to distribute marijuana, and three counts of interstate travel. He was found guilty on all counts except two.
 
 
 2
 Kettles was involved in a scheme concocted by his cousin, Richard Miller, to distribute marijuana. Steve Hogan supplied the marijuana from Chicago to Robert Scott, an associate of Miller's, in March, 1982. Scott drove a U-Haul truck loaded with marijuana, Hogan and others following in a car, from Chicago to Kettles' farm in Paw Paw, Michigan. At Kettles' farm, the marijuana was inventoried and weighed. Kettles made a down payment on the marijuana at the time of delivery, and the remainder of the money owed was paid in several installments after the delivery. Telephone records admitted into evidence at trial confirmed calls between Scott and Kettles during this same period.
 
 
 3
 Both Miller and Scott pled guilty to various charges arising from the above transactions and from other matters set forth in the indictment in this case. Kettles and Hogan were tried together on the charges growing out of their association with the marijuana. In addition to evidence of the transaction described above, the government presented evidence during the trial that Kettles participated in other marijuana transactions with Miller and Scott in June of 1983, introducing into evidence tape recordings of telephone calls between Miller and Kettles discussing marijuana transactions.
 
 
 4
 In the course of a closing argument, the prosecuting attorney stated that 'there was no evidence on the record to the contrary' in reference to the cross-examination of Scott by Hogan's attorney.[1] Scott testified that Hogan had rented the U-Haul 'mini-truck' in which Scott transported the marijuana to Paw Paw. The government contends that the record considered as a whole makes it clear that the purpose of this questioning by Hogan's attorney was to establish that Scott may have known that Hogan had rented a U-Haul truck for another purpose. The statement by the prosecutor was made within the context of arguments that no other evidence was presented concerning who else might have provided a U-Haul truck besides Hogan, who had rented one on the day the trip took place. The government claims that it reiterated this statement in order to remind the jury that the questions of attorneys were not to be taken as evidence. Hogan's attorney did not move for a mistrial, but did request a curative instruction which was given by the court.[2] Kettles' attorney remained silent during the entire part of the proceeding.
 
 
 5
 Defendant's claim that this statement of the prosecutor constituted a comment on his right to remain silent under the fifth amendment, and that it improperly shifted the burden of proof to him to prove his innocence, is meritless. We find no violation of defendant's rights by this comment. If it were found to constitute a violation, we would deem it harmless error under the circumstances. See Butler v. Rose, 686 F.2d 1163, 1170 (6th Cir. 1982); Angel v. Overberg, 682 F.2d 605, 608 (6th Cir. 1982); Hearn v. Mintzes, 708 F.2d 1072, 1077 (6th Cir. 1983).
 
 
 6
 Defendant also argues that he will be prejudiced in regard to his eligibility for parole and other potential benefits by the category five offense rating in his presentence investigative report. Such an offense rating arises from an offense involving a controlled substance in the amount of between 2,000 and 19,999 pounds. Defendant was convicted of only one substantive count involving possession and distribution of 1,000 pounds of a controlled substance, but the district court found that the category five offense rating was justified by the defendant's conviction of the Count 13 conspiracy charge and other circumstances brought out in evidence. The judge ruled that the category rating was sufficiently supported by the facts in the case. There was testimony by Scott, for instance, about three different transactions involving Kettles amounting to some 3,878 pounds of marijuana.
 
 
 7
 The standard of review in this situation is for an abuse of discretion. United States v. Mischler, 787 F.2d 240, 247 (7th Cir. 1986). We find that the district court did not abuse its discretion in rating defendant's offense as a category five. In review of the evidence presented at trial, we find that the penalty given was appropriate and within bounds of reasonable discretion of the trial judge.
 
 
 8
 Defendant contends that the jury instructions were erroneous because the judge did not specify that in order to be convicted, the defendant must have been found beyond a reasonable doubt to have knowingly possessed 1,000 pounds of marijuana with the intent to distribute that same quantity of marijuana. Instead the judge divided section 841(b)(6)[3] into three elements:
 
 
 9
 (1) the defendants knowingly and willfully possessed marijuana;
 
 
 10
 (2) the defendants possessed it with the intent to distribute it;
 
 
 11
 (3) the amount of marijuana exceeded 1,000 pounds at the times charged.
 
 
 12
 Defendant contends that section 841(a)(1)[4] was incorporated into section 841(b)(6). See United States v. Alvarez, 735 F.2d 461, 466 (11th Cir. 1984); United States v. Hudson, 717 F.2d 1211, 1212 (8th Cir. 1983).
 
 
 13
 On the other hand, the government argues it is not required to prove that the accused knew how much marijuana was involved in a section 841(a) offense. See United States v. Gibbs, 813 F.2d 596, 600 (3d Cir. 1987); United States v. Normandeau, 800 F.2d 953, 956 (9th Cir. 1986); United States v. McHugh, 769 F.2d 860, 868 (1st Cir. 1985); United States v. Simmons, 725 F.2d 641, 644 (11th Cir.), cert. denied, 469 U.S. 827 (1984).
 
 
 14
 We agree with the position of the majority of the circuits that section 841(b)(6) is a mere penalty enhancement section and does not set out a separate offense. The very purpose of the statute is to penalize more harshly those drug dealers who traffic in large quantities of marijuana. Even if defendant did not know that he was dealing with 1,000 pounds of the substance, he certainly knew that he was dealing in a very large quantity especially in light of the sums of money involved. We find no merit to defendant's argument on this issue.
 
 
 15
 Defendant also contends that the government violated the court's disclosure order requiring the government to disclose statements made by third parties that include purported statements attributable to the defendant. The district court observed that the disclosure order may have been violated in substance, but that the violation was not prejudicial. We agree, and find no prejudicial error in this respect.
 
 
 16
 Finally, defendant claims that a violation of the disclosure order occurred by the failure of the government to divulge certain telephone records prior to trial. The government responds that it did not receive these records until the trial date and that because the documents were not in its possession and control, they did not fall within Rule 16(a)(1)(C). Here again, from this late disclosure, the district court found a minimal violation but no prejudice under the circumstances. We note that defendant did not seek a trial delay due to the late disclosure.
 
 
 17
 The phone records were subpoenaed prior to trial, but were not received by the government until the day they were disclosed to Kettles. The late disclosure of the telephone toll records was not only not prejudicial under the circumstances, but we doubt it was a basis for finding error at all. We find no basis for defendant's contention that this forms a basis for a new trial.
 
 
 18
 We accordingly AFFIRM the decision of the district court in all respects.
 
 
 
 [1]
 The cross-examination related to Hogan's part in, and knowledge of the scheme, particularly with respect to renting the truck which was used
 
 
 [2]
 In the jury instructions the court stated '[i]f during the trial any lawyer inferred that there was some responsibility of a defendant to testify in any vague way, you must disregard that because of course there isn't any.'
 
 
 [3]
 21 U.S.C. section 841(b)(6) (1984) has now been repealed. The original version provided in pertinent part:
 In the case of a violation of subsection (a) involving a quantity of marihuana exceeding 1,000 pounds, such person shall be sentenced to a term of imprisonment of not more than 15 years, and in addition, may be fined not more than $125,000.
 
 
 [4]
 Section 841(a) provides:
 Except as authorized by this title, it shall be unlawful for any person knowingly or intentionally--
 (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or
 (2) to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance.