

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0477-19

### ISSAC WILLIAMS, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTH COURT OF APPEALS
### BEXAR COUNTY

YEARY, J., filed a dissenting opinion in which WALKER and MCCLURE, JJ., joined.

### DISSENTING OPINION

Appellant was charged with, and tried for, the offense of continuous trafficking of persons. TEX. PENAL CODE § 20A.03. He requested a lesser included offense instruction on human trafficking, but the trial court denied his request. TEX. PENAL CODE § 20A.02. The court of appeals reversed and remanded the case. But today, this Court reverses the court of appeals decision on the ground that Appellant did not preserve his complaint because his objection at trial was not sufficiently specific. *See* Majority Opinion at 16 ("[S]pecific to requests for lesser-included offenses, the defendant must point to evidence

in the record that raises the lesser-included offense."); *id*. at 23 ("Appellant did not point to evidence that would support a valid, rational alternative to the greater offense.").

It is uncontested that Appellant lodged a timely request for *what* he wanted, and that he obtained an adverse ruling. But because he did not, to the Court's satisfaction, explain *why* he thought himself legally entitled to the instruction—by pinpointing a factual basis in the record for concluding that he was guilty *only of* the lesser-included offense—the Court decides that his objection did not preserve his complaint. The Court concludes that he failed to satisfy Rule 33.1(a)(1)(A) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 33.1(a)(1)(A) (requiring as a condition of raising an appellate complaint that the appellant have made an objection or request stating "the grounds for the ruling . . . sought from the trial court with sufficient specificity to make the trial court aware of the complaint"). I disagree.

None of the cases that the Court cites robustly supports its holding. Most of them merely articulate the circumstances under which a request for a lesser-included offense instruction should be granted. Only a handful suggest that an appellant must have identified an evidentiary basis for a requested jury instruction, and none of those cases involves a request for a lesser-included offense instruction.

The briefing the Court has received also fails to point to any authorities that compel the Court's holding. Neither the parties nor the amicus brief filed in this case have cited to any Texas case holding that it is the defendant's responsibility, when requesting a lesser-included offense instruction, to inform the trial court of the specific evidence showing him

to be guilty only of the lesser-included offense.[1] And Rule 33.1(a)(1)(A) does not necessarily embrace such a requirement.

The Court cites the seminal case of *Hall v. State*, 225 S.W.3d 524, 536 (Tex. Crim. App. 2007), as well as *Hampton v. State*, 109 S.W.3d 437, 440–41 (Tex. Crim. App. 2003), and *Flores v. State*, 245 S.W.3d 432, 439 (Tex. Crim. App. 2008). Majority Opinion at 16–18 & nn.38 & 39. But these cases simply spell out what the record must show before an appellate court should hold that the trial court erred by failing to give a lesser-included offense instruction; they do not purport to address issues of error preservation or the adequacy of a defense request for an instruction. None purports to construe the scope of Rule 33.1(a)(1)(A)'s requirement that the "grounds for the ruling that the complaining party sought" be "stated . . . with sufficient specificity to make the trial court aware of the complaint[.]" TEX. R. APP. P. 33.1(a)(1)(A).

The very few cases that the Court cites to address the adequacy of a defendant's request for a jury instruction do not themselves involve lesser-included offense instructions and are otherwise readily distinguishable. *See* Majority Opinion at 17 n.40. In *Mays v.*

---

[1] My own independent research has revealed a handful of cases from other jurisdictions that have addressed the question. At least one state, New Jersey, has long rejected the holding the Court reaches today. *See State v. Alexander*, 233 N.J. 132, 142, 183 A.3d 903, 909 (2018) ("When a defendant requests a lesser-included-offense charge, 'the trial court is obligated, in view of defendant's interest, to examine the record thoroughly to determine if the rational-basis standard has been satisfied.'") (citing *State v. Crisantos*, 102 N.J. 265, 278, 508 A.2d 167, 174 (1986)); *State v. Fowler*, 239 N.J. 171, 188, 216 A.3d 152, 162 (2019) (same). Other courts, it must be admitted, seem to suggest that some specificity is encouraged. *See, e.g.*, *United States v. Neiss*, 684 F.2d 570, 572 (8th Cir. 1982) (observing that, in the Eighth Circuit, "there is a requirement of calling the trial court's attention to the specific fact situation that would warrant giving the lesser-included offense instruction"); *United States v. Lumpkins*, 439 F.2d 494, 496 (D.C. Cir. 1970) ("The showing of a rational basis for a simultaneous acquittal on the greater and conviction on the lesser offense is usually fairly inferable from the evidence given or the nature of the fact situation, and if not it should be specifically called to [the] attention of the trial judge."). To my surprise, this Court seems not to have squarely addressed the issue until now.

*State*, 318 S.W.3d 368, 383 (Tex. Crim. App. 2010), for example, the defendant requested a jury instruction on the defensive issue of mistake of fact, but he never identified to the trial court what "fact" he claimed to have been mistaken about which would have negated his culpability for the offense. The Court held there that a request for a "general" instruction on mistake of fact was insufficient to preserve error. *Id*. Because the instruction requested in that case would have had to incorporate the specific "fact" about which the defendant was mistaken, our holding in *Mays* was a sensible one. The trial court could not have known how to fashion the instruction in the absence of information known only to the defendant. But that precedent hardly compels the Court's holding today. Nor did the Court in *Mays* cite Rule 33.1(a)(1)(A) in support of its holding.

The other case the Court cites today, *Rogers v. State*, 105 S.W.3d 630, 639–40 (Tex. Crim. App. 2003), does not involve the *factual* specificity of a request or objection *at all*. Instead, we held in *Rogers* that a requested jury instruction on "accident" did not provide sufficient notice to the trial court that the defendant wanted an instruction on voluntary conduct under Section 6.01(a) of the Penal Code. *Id*. at 639 & n.32 (citing Tex. Penal Code § 6.01(a)). And the Court did not cite Rule 33.1(a)(1)(A) in *Rogers* either.

If the Court is nevertheless going to rely by analogy on non-lesser-included offense cases that do not explicitly address the degree of *factual* specificity that is required to preserve a request for a jury instruction, I would call the Court's attention to *Chapman v. State*, 921 S.W.2d 694, 695 (Tex. Crim. App. 1996). There, addressing the adequacy of a requested jury instruction pursuant to Article 38.23 of the Code of Criminal Procedure, the Court observed that the request need not be "in perfect form" in order to preserve error for appeal. Tex. Code Crim. Proc. art. 38.23. Rather, the Court explained, a "requested

charge must only be sufficient to call the trial court's attention to the omission in the court's charge." *Chapman*, 921 S.W.2d at 695. Appellant's request in this case was more than adequate to do *that*.

On its face, Rule 33.1(a)(1)(A) makes no distinction between legal and factual specificity. It requires only that the "grounds" for a request, objection, or motion be "stated . . . with sufficient specificity to make the trial court aware of the complaint[.]" TEX. R. APP. P. 33.1(a)(1)(A). The "ruling that [Appellant] sought from the trial court" was clear enough: a lesser-included offense instruction. The "grounds" were specific enough too, in my estimation.

After requesting several lesser included offense instructions, including human trafficking, Appellant's counsel explained: "we believe that there is sufficient evidence for the jury to look at any one of those theories and find a lesser-included, and we ask for those charges to be—the lesser-included—." The trial court judge then asked: "Is there—was there any evidence elicited—and refresh my memory—that if he's guilty of any offense, he's guilty of the lesser only and not the greater?" And counsel responded: "I believe there was in substance."[2] Appellant clearly believed that the evidence presented the jury with a rational alternative to conviction for the greater offense and that the jury could therefore have found him guilty *only of* the lesser-included offenses he requested, including human

---

[2] The way I read this exchange, counsel directly and specifically answered the precise question asked by the trial court judge. The judge seems to have asked: "was there any evidence" supporting the lesser-included offense instruction? And counsel seems to have responded: "I believe there was." Although the trial court's inquiry included the off-set phrase: "refresh my memory", that phrase did not *necessarily* call on Appellant's counsel to identify specific evidence raising a lesser-included offense. The trial court judge did not specifically say: "tell me what evidence supports the giving of the instruction."

trafficking. This was enough to apprise the trial court of both *what* Appellant wanted and *why* he believed he was entitled to it.

It might have been possible for the Court to carve out a middle ground in this case where its disposition would be more compelling. The Court could have held that Appellant's request for a lesser-included offense instruction was at least sufficient to bring its consideration into the realm of possible "law applicable to the case" under Article 36.14 of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. art. 36.14 (requiring the trial court to "deliver to the jury . . . a written charge distinctly setting forth the law applicable to the case"). After all, Appellant's request at least alerted the trial court that he was not making a strategic decision *not* to seek a lesser-included offense instruction. *See Tolbert v. State*, 306 S.W.3d 776, 781 (Tex. Crim. App. 2010) (noting that the holding that defensive instructions are not ordinarily considered "law applicable to the case" is because defendants may or may not choose to invoke defensive matters, depending upon trial strategy).[3] And having then held that the request concerned possible "law applicable to the case," *Almanza*'s "some harm" versus "egregious harm" dichotomy would be invoked. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on State's mot. for reh'g) (construing TEX. CODE CRIM. PROC. art. 36.19). And Appellant's minimal request would then be viewed as sufficient to avoid a *complete* procedural default (as might otherwise be dictated by *Tolbert*), but it might be viewed by the Court as insufficiently

---

[3] *Cf. Chase v. State*, 448 S.W.3d 6, 12 n.27 (Tex. Crim. App. 2014) ("We have declined to apply the holding in *Posey[v. State*, 966 S.W.2d 57, 62 (Tex. Crim. App. 1998), that defensive-issue jury instructions do not become law applicable to the case absent a request] in at least one situation in which the trial-strategy rationale would not apply—when the trial court submits the defensive issue in the jury charge on its own but the defensive instruction contains errors. *Vega v. State*, 394 S.W.3d 514, 519–20 (Tex. Crim. App. 2013).").

specific to require any more than an "egregious harm" analysis under *Almanza*. As I read its opinion today, however, the Court does not attempt to carve out any such middle ground.[4]

It is also not entirely clear to me whether the Court's holding is limited to circumstances in which the trial court expressly asks an appellant what evidence he thought justified the lesser-included offense instruction (although that is not *exactly* what the trial court judge asked here), or whether its holding is more categorical, requiring greater factual specificity in all cases involving defense requests for lesser-included offense instructions. *See* Majority Opinion at 19–20, 22–23. This ambiguity is bound to create confusion within the bench and bar and to stimulate needless further litigation in this area until it is resolved. Either way, I agree with the court of appeals that Appellant adequately preserved his complaint for a "some harm" *Almanza* analysis on appeal (assuming that the failure to give the instruction was, indeed, erroneous).

Finally, the Court declares that it need not address State's other grounds for review in this case. Majority Opinion at 13. But because I disagree with the Court's conclusion that Appellant's request was not specific enough to preserve error, I would not fail to address the State's other grounds. I would address them.

Because the Court does not, I respectfully dissent.

FILED:                         May 26, 2021

---

[4] This middle ground, it seems to me, might resemble the approach applied by the Eighth Circuit, whereby the failure to specify supporting evidence does not completely prevent review of the denial of the instruction, but instead calls for it to be reviewed only for "plain error." *See United States v. Lincoln*, 630 F.2d 1313, 1321 (8th Cir. 1980) ("We agree with the reasoning of the United States Court of Appeals for the District of Columbia Circuit with regard to the requirement of calling attention to the specific fact situation that would require giving the lesser included offense instruction. In Lincoln's case no such argument or presentation was made to the district court. Accordingly, we review the failure to give the instruction under the 'plain error' standard.").

PUBLISH