JUSTICE TIMPONE delivered the opinion of the Court.
**135 In this appeal, we address whether the trial court erred when it failed to instruct a jury sua sponte on aggravated assault as a lesser-included offense of robbery.
**136 The State alleged that defendant Allen Alexander conspired with another to rob Ernesto Espinal at Gateway Center in Newark. According to the State, defendant held the victim around his neck while another man cut the victim's forehead. Defendant and his co-conspirator left without taking any items from the victim.
Newark Police eventually arrested defendant in connection with the incident. A grand jury indictment charged defendant with second-degree conspiracy to commit robbery, first-degree robbery, fourth-degree unlawful possession of a weapon, and third-degree possession of a weapon for an unlawful purpose. A jury ultimately convicted defendant of all charges.
On appeal, the Appellate Division reversed, finding that the trial court erred in failing to charge the jury sua sponte on "serious bodily injury" aggravated assault, N.J.S.A. 2C:12-1(b)(1). We find that the trial court had no obligation to issue a sua *906 sponte jury instruction. We therefore reverse the Appellate Division's decision and reinstate defendant's convictions.
I.
A.
We derive the following facts from testimony presented during defendant's trial. The victim, Ernesto Espinal, and defendant provided differing accounts of the incident that occurred on July 4, 2012.
According to Espinal, he was walking alone through Gateway Center to catch a train in Newark Penn Station when defendant and three other individuals confronted him. Defendant ordered that Espinal give him twenty dollars. Espinal ignored the demand and continued walking toward the train station. Suddenly, defendant grabbed Espinal around his neck and commanded another individual to "cut" Espinal. Defendant's associate cut Espinal across his forehead with a knife while defendant continued to hold Espinal's neck. Defendant and the others then left the area without taking any money from Espinal.
**137 Espinal further stated that after the incident, he had "a lot of blood" on his face. He eventually received aid from a Dunkin' Donuts employee and a security person. Police escorted him in an ambulance to University Hospital for treatment. At the hospital, he received stitches, which were removed seven days later. His facial injury left a permanent scar.
Defendant gave the jury a different account. According to defendant, he and three of his friends were walking together through Gateway Center when he bumped into Espinal. Espinal made a facial expression and said "something in Spanish." Believing Espinal had said "nothing nice," defendant confronted Espinal. Espinal and defendant exchanged profanities.
Defendant testified that one of his friends "tried to jump in it," but defendant grabbed his friend and told him to "leave it alone." His friend pushed defendant away and punched Espinal. Defendant and his friends walked away. According to defendant, he never asked Espinal for money and he did not see anyone go through Espinal's pockets or take Espinal's wallet. He further testified that he did not see a weapon in his friend's hand when his friend punched Espinal.
B.
Espinal gave a statement to the Newark Police Department after he left the hospital. The Newark Police Department, in turn, opened an investigation into the incident. As part of the investigation, law enforcement created a flyer using still images from the surveillance video captured at Gateway Center. Investigators circulated the flyer within the police department via email. A sergeant, who had past interactions with defendant, identified one of the photos as defendant.
Detective Filberto Padilla later conducted a six-photo array at Espinal's home. Espinal selected defendant's picture as depicting his assailant. Newark Police arrested defendant the following day on July 20, 2012.
**138 C.
On October 17, 2012, an Essex County Grand Jury returned an indictment against defendant charging him with second-degree conspiracy to commit robbery, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:15-1(b) ; first-degree robbery, N.J.S.A. 2C:15-1 ; fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d) ; and third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d). The *907 indictment did not charge defendant with aggravated assault.
The State's case against defendant went to trial before a jury on January 23, 2014 under a theory of accomplice liability. At the close of the evidence, the court conducted a charge conference. At no point did either party request an aggravated assault charge. During its closing argument, the State asserted that robbery means "in the course of committing a theft, a person causes bodily injury or uses force," and that using a deadly weapon "makes it a first degree robbery." Defense counsel did not object to the State's explanation.
After summations, the trial court instructed the jury to disregard statements by the attorneys that conflict with the court's charges. The trial court proceeded to instruct the jury on the charges in the indictment. The court read the State's robbery-indictment charge verbatim:
[Defendant] ... did knowingly commit an act of robbery upon Ernesto Espinal, and in the course of committing said robbery was armed with, did use, or threaten the immediate use of what appeared to be a deadly weapon, a knife contrary to the provisions of N.J.S.A. 2C:15-1, a crime of the first degree and against the peace of this State, the Government and dignity of same.
The trial court instructed the jury that "[a] person is guilty of robbery if in the course of committing a theft he knowingly inflicts bodily injury or uses force upon another." It then explained each element the State had to prove beyond a reasonable doubt to sustain a robbery conviction. Later, the court instructed:
Robbery is a crime of the second degree except that it is a crime of the first degree if the actor is armed with or uses or threatens the immediate use of a deadly weapon. In this case the State must prove beyond a reasonable doubt that the **139 defendant was armed with a deadly weapon while in the course of committing the robbery.
Defense counsel neither requested an aggravated assault charge nor objected to its omission from the trial judge's jury instructions. The jury convicted defendant of all charges. At sentencing, the trial court merged the conspiracy conviction into the robbery conviction and sentenced defendant to an aggregate fifteen-year term of imprisonment, with an eighty-five percent period of parole ineligibility pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2(a).
D.
Defendant appealed his convictions. In an unpublished opinion, a two-member Appellate Division panel reversed and remanded for a new trial. The panel observed that, even absent requests for charges or objections to charges, trial judges have "an independent obligation to instruct on lesser-included charges when the facts adduced at trial clearly indicate that a jury could convict on the lesser while acquitting on the greater offense." (quoting State v. Jenkins, 178 N.J. 347, 361, 840 A.2d 242 (2004) ). The panel then noted that "to justify a lesser[-]included offense instruction, a rational basis must exist in the evidence for a jury to acquit the defendant of the greater offense as well as to convict the defendant of the lesser, unindicted offense." (alteration in original) (quoting State v. Funderburg, 225 N.J. 66, 81, 137 A.3d 441 (2016) ). Synthesizing the two tests, the panel stated the relevant inquiry as follows: "the evidence must clearly indicate that there is a rational basis to acquit the defendant of the greater offense, and to convict the defendant of the lesser offense."
*908 After reviewing the elements of aggravated assault under N.J.S.A. 2C:12-1(b)(1), as well as defendant's testimony and defense counsel's summation, the panel reasoned that "[t]he jury could have found that defendant did not participate, either directly or as an accomplice, in a theft or attempt to commit theft." The panel noted defendant's concession that he and his friend had an **140 altercation with the victim, "and the friend punched the victim hard enough for the victim to fall to the ground." It concluded that "there is a rational basis in the evidence for the jury to acquit defendant of robbery and conspiracy to commit robbery, as well as to convict defendant of aggravated assault."
We granted the State's petition for certification. 229 N.J. 593, 164 A.3d 394 (2017). We also granted the motions of the Attorney General and the Office of the Public Defender to participate as amici curiae.
II.
A.
The State urges us to reverse the Appellate Division decision, arguing that the trial court properly instructed the jury on robbery. The State relies on our decision in State v. Sewell, 127 N.J. 133, 603 A.2d 21 (1992), to insist that "[a]ssault simply is not an included crime of robbery." Emphasizing that defendant never requested an aggravated assault charge, the State asserts that the trial court had no obligation "to dissect the evidence with a fine-tooth comb in search of some improbable agglomeration of facts to sustain an unrequested jury instruction." The State also submits that the appellate panel failed to recognize the difference between lesser-included and related offenses, underscoring that trial courts are not permitted to instruct a jury on related offenses without defendant's consent.
B.
Defendant counters that the trial court did not need to "sift through the record for possible charges" because defendant's testimony "clearly indicated" that a charge on aggravated assault was appropriate. Defendant asserts that assault may be a lesser-included offense of robbery under certain circumstances like those presented here. Defendant argues that the trial court's failure to instruct on aggravated assault left the jury without an alternative **141 in the event it found that the State failed to meet its burden of proving a theft had occurred. As a result, defendant maintains that the jury never had the option to "adopt[ ] defendant's testimony" and find him "guilty of an assault but not guilty of robbery."
C.
The Attorney General echoes the State's arguments that aggravated assault is not a lesser-included offense of armed robbery, and that the trial court had no obligation to instruct the jury on the unrequested charge. The Attorney General argues that the appellate panel "improperly sifted through the record" to piece together "an unsupported combination of facts and inferences it deemed adequate to support the charge." The Attorney General asserts that the record did not clearly indicate that an aggravated assault charge was appropriate. The Attorney General submits that a sua sponte instruction on aggravated assault would have prejudiced defendant by depriving him of adequate notice of the charge against him.
D.
Like defendant, the Public Defender stresses that aggravated assault may be a lesser-included offense of robbery under *909 particular circumstances. The Public Defender argues that the trial court erred by failing to charge the jury sua sponte on aggravated assault. The Public Defender asserts that defendant had "fair notice" that aggravated assault may be charged as a lesser-included offense because the trial evidence "clearly indicated a rational basis upon which the jury could have acquitted defendant of robbery and convicted him of aggravated assault."
III.
A.
We review for plain error the trial court's obligation to sua sponte deliver a jury instruction when a defendant does not **142 request it and fails to object at trial to its omission. State v. Cole, 229 N.J. 430, 455, 163 A.3d 302 (2017) ; Funderburg, 225 N.J. at 79, 137 A.3d 441. To warrant reversal, the unchallenged error must have been "clearly capable of producing an unjust result." R. 2:10-2. "The mere possibility of an unjust result is not enough." Funderburg, 225 N.J. at 79, 137 A.3d 441. Rather, "[t]he possibility must be real, one sufficient to raise a reasonable doubt as to whether the error led the jury to a result it otherwise might not have reached." State v. Macon, 57 N.J. 325, 336, 273 A.2d 1 (1971).
B.
A trial court's decision to charge on a lesser-included offense is governed by N.J.S.A. 2C:1-8(e). Under that statute, the trial court cannot charge a jury on "an included offense unless there is a rational basis for a verdict convicting the defendant of the included offense." N.J.S.A. 2C:1-8(e). We have explained that "whether the lesser offense is strictly 'included' in the greater offense ... is less important ... than whether the evidence presents a rational basis on which the jury could acquit the defendant of the greater charge and convict the defendant of the lesser." State v. Cassady, 198 N.J. 165, 178, 966 A.2d 473 (2009) (ellipses in original) (quoting State v. Brent, 137 N.J. 107, 117, 644 A.2d 583 (1994) ).
A party must request a charge or object to an omitted charge at trial for the rational basis test to apply. "The appropriate time to object to a jury charge is 'before the jury retires to consider its verdict.' " Funderburg, 225 N.J. at 79, 137 A.3d 441 (quoting R. 1:7-2). When a defendant requests a lesser-included-offense charge, "the trial court is obligated, in view of defendant's interest, to examine the record thoroughly to determine if the rational-basis standard has been satisfied." State v. Crisantos, 102 N.J. 265, 278, 508 A.2d 167 (1986). "The rational-basis test sets a low threshold" for a lesser-included-offense instruction. State v. Carrero, 229 N.J. 118, 128, 159 A.3d 1284 (2017) (citing Crisantos, 102 N.J. at 278, 508 A.2d 167 ).
**143 In the absence of a request or an objection, we apply a higher standard, requiring the unrequested charge to be "clearly indicated" from the record. In State v. Garron, we explained that the "primary obligation" of trial courts is to "see that justice is done." 177 N.J. 147, 180, 827 A.2d 243 (2003). That obligation includes ensuring "that a jury is instructed properly on the law and on all clearly indicated lesser-included offenses, even if at odds with the strategic decision of counsel." Ibid. Our Court has long held that trial courts have an independent duty to sua sponte charge on a lesser-included offense "only where the facts in evidence 'clearly indicate' the appropriateness of that charge." State v. Savage, 172 N.J. 374, 397, 799 A.2d 477 (2002) (quoting State v. Choice, 98 N.J. 295, 298, 486 A.2d 833 (1985) ); accord *910 Funderburg, 225 N.J. at 81, 137 A.3d 441 ; State v. Thomas, 187 N.J. 119, 132, 900 A.2d 797 (2006) (quoting Jenkins, 178 N.J. at 361, 840 A.2d 242 ).
The "clearly indicated" standard does not require trial courts either to "scour the statutes to determine if there are some uncharged offenses of which the defendant may be guilty," Brent, 137 N.J. at 118, 644 A.2d 583 (quoting State v. Sloane, 111 N.J. 293, 302, 544 A.2d 826 (1988) ), or " 'to meticulously sift through the entire record ... to see if some combination of facts and inferences might rationally sustain' a lesser charge," Funderburg, 225 N.J. at 81, 137 A.3d 441 (quoting Choice, 98 N.J. at 299, 486 A.2d 833 ). Instead, the evidence supporting a lesser-included charge must "jump[ ] off the page" to trigger a trial court's duty to sua sponte instruct a jury on that charge. State v. Denofa, 187 N.J. 24, 42, 898 A.2d 523 (2006).
We recently addressed the parameters of our trial courts' duty to charge a jury sua sponte on a lesser-included offense in the absence of a request or an objection by the defendant. In Funderburg, the defendant was charged with attempted murder after stabbing his ex-girlfriend's new boyfriend during an altercation. 225 N.J. at 72-74, 137 A.3d 441. The defendant did not request a jury charge on attempted passion/provocation manslaughter as a **144 lesser-included offense of attempted murder at trial. Id. at 75, 137 A.3d 441. On appeal, the Appellate Division reversed and remanded for a new trial, finding that the trial court erred in failing to deliver that instruction. Ibid.
We reversed the Appellate Division's judgment, concluding that the trial court was not required to charge the lesser-included offense sua sponte because "the facts before [it] did not clearly indicate that the objective elements of attempted passion/provocation manslaughter were present." Id. at 82, 137 A.3d 441. In reaching that conclusion, we "decline[d] to impose" a "burdensome requirement on trial courts" to carefully examine every piece of the record "to see if some combination of facts and inferences might rationally sustain a [lesser-included] charge." See id. at 83, 137 A.3d 441 (quoting Choice, 98 N.J. at 299, 486 A.2d 833 ). We also noted that not "every potential lesser-included offense must be charged to the jury." Ibid. We therefore found that the trial court's failure to deliver an unrequested passion/provocation manslaughter charge to the jury was not in error. Id. at 83-84, 137 A.3d 441.
C.
In contrast to lesser-included offenses, trial courts are never required to charge a jury sua sponte on related offenses. State v. Maloney, 216 N.J. 91, 107-08, 77 A.3d 1147 (2013) (discussing Thomas, 187 N.J. at 129-33, 900 A.2d 797 ). Related offenses are those that "share a common factual ground, but not a commonality in statutory elements, with the crimes charged in the indictment." Thomas, 187 N.J. at 132, 900 A.2d 797. Jury instructions on related offenses raise constitutional concerns because criminal defendants have rights to a grand jury presentment and fair notice of criminal charges against them. Id. at 130, 132-33, 900 A.2d 797. To prevent infringement of those rights, a trial court may instruct the jury on a related offense only when "the defendant requests or consents to the related offense charge, and there **145 is a rational basis in the evidence to sustain the related offense." Id. at 133, 900 A.2d 797.
IV.
We now apply those legal principles to the relevant facts to determine whether *911 the trial court erred in not charging the jury sua sponte on aggravated assault, N.J.S.A. 2C:12-1(b)(1), as a lesser-included offense of robbery, N.J.S.A. 2C:15-1.
A.
As a preliminary matter, we review the appropriate standard for assessing a trial court's obligation to give unrequested instructions on lesser-included offenses. The appellate panel noted the clearly indicated standard applies to cases of unrequested jury instructions but improperly applied the rational basis test in its analysis. The panel ultimately concluded, after reviewing the trial evidence, that "there is a rational basis in the evidence for the jury to acquit defendant of robbery and conspiracy to commit robbery, as well as to convict defendant of aggravated assault."
Yet, just because a charge meets the rational basis test does not mean it meets the clearly indicated standard. As we explained earlier, when a defendant fails to request a lesser-included charge or object to its omission at trial, the need for that charge is subject to a higher threshold. In that scenario, unless that need is clearly indicated from the evidence, we will not find plain error. See Denofa, 187 N.J. at 42, 898 A.2d 523.
The facts of this case call for review under the higher, clearly indicated standard. Defendant had several opportunities to request an aggravated assault charge before the trial court but failed to do so. At a pretrial conference, the parties and the trial court discussed the jury instructions to be charged, which did not include aggravated assault. Defense counsel noted his objection only to the court's accomplice liability charge. Similarly, at a conference before closing arguments, the trial court specifically **146 asked counsel if they had any additional requests after it read the charges to counsel on the record. Defense counsel again failed to request an aggravated assault charge or to object to its omission at a charge conference before closing arguments. Defense counsel likewise did not submit a proposed aggravated assault instruction after closing arguments and before the court charged the jury.
It was not until his appeal that defendant argued the trial court erred in not charging the jury sua sponte on aggravated assault, N.J.S.A. 2C:12-1(b)(1). Reversal would be appropriate only if the basis for a lesser-included-offense charge were to "jump[ ] off the page[s]" of the record. Denofa, 187 N.J. at 42, 898 A.2d 523.
B.
Although we reaffirm that the clearly indicated standard is the appropriate lens through which to review any obligation to charge the jury sua sponte on a lesser-included offense, we need not apply that standard here.
On direct appeal, defendant only challenged the lack of an instruction concerning "serious bodily injury" aggravated assault, N.J.S.A. 2C:12-1(b)(1). The New Jersey Code of Criminal Justice provides that an offense is a lesser-included offense if:
(1) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or
(2) It consists of an attempt or conspiracy to commit the offense charged or to commit an offense otherwise included therein; or
(3) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interest or a lesser kind of culpability suffices to establish its commission.
*912 [ N.J.S.A. 2C:1-8(d) (emphases added).]
Section 1-8(d) "calls for a comparison of the statutory definitions of the respective offenses to ascertain whether they have common or overlapping elements that require proof of identical facts." State v. Muniz, 118 N.J. 319, 324, 571 A.2d 948 (1990).
Under N.J.S.A. 2C:15-1(a), a person is guilty of robbery if that person "inflict[ed] bodily injury or use[d] force" on the victim "in the course of committing a theft." The statute provides that **147 robbery "is a crime of the first degree if in the course of committing the theft the actor attempts to kill anyone, or purposely inflicts or attempts to inflict serious bodily injury, or is armed with, or uses or threatens the immediate use of a deadly weapon." N.J.S.A. 2C:15-1(b). Here, the State charged robbery as a first-degree crime exclusively on the "deadly weapon" prong. As a result, based on its indictment, the State had to prove that defendant: (1) "inflict[ed] bodily injury or use[d] force" on the victim; and (2) possessed, used, or threatened to use "what appeared to be ... a knife" during the commission of the robbery.
By contrast, aggravated assault under N.J.S.A. 2C:12-1(b)(1) requires proof of an attempt "to cause serious bodily injury." The Code defines "serious bodily injury" as "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." N.J.S.A. 2C:11-1(b). Flowing from that definition, "serious bodily injury" aggravated assault under N.J.S.A. 2C:12-1(b)(1) requires a greater injury element than that in the State's robbery charge, cf. N.J.S.A. 2C:1-8(d)(3), and must be established by proof of more facts than those needed to establish "bodily injury," cf. N.J.S.A. 2C:1-8(d)(1). For the same reasons, aggravated assault here is not equivalent to an attempt or conspiracy to commit robbery or one of its included offenses. Cf. N.J.S.A. 2C:1-8(d)(2).
Under the circumstances of this case, aggravated assault is, at most, a related offense of the State's robbery charge. Defendant did not request or consent to an aggravated assault charge at any stage before or during his trial. Thomas, 187 N.J. at 133, 900 A.2d 797. So, a sua sponte charge would have violated defendant's constitutional grand jury presentment and notice rights. See id. at 130, 900 A.2d 797.
For all the reasons discussed, the trial court had no duty to instruct the jury sua sponte on "serious bodily injury" aggravated assault. We find no plain error.
**148 C.
In defense counsel's brief to our Court and during oral argument, counsel argued that other forms of aggravated assault-beyond N.J.S.A. 2C:12-1(b)(1) -may constitute lesser-included offenses of robbery. See, e.g., N.J.S.A. 2C:12-1(b)(2) (requiring the accused to attempt to cause or purposely or knowingly cause "bodily injury to another with a deadly weapon"); N.J.S.A. 2C:12-1(b)(3) (requiring the accused to recklessly cause "serious bodily injury to another with a deadly weapon"). Counsel did not raise those arguments before the trial court or Appellate Division. They are therefore not properly before this Court, and we decline to address them. See DYFS v. M.C. III, 201 N.J. 328, 339, 990 A.2d 1097 (2010) (noting that "issues not raised below will ordinarily not be considered on appeal").
D.
Finally, we note and reject the State's argument that our opinion in Sewell affirmatively held that assault is never a lesser-included offense of robbery.
*913 In Sewell, we "determine[d] the level of culpability necessary to convert theft into robbery." 127 N.J. at 134, 603 A.2d 21. In our discussion of the mental state that must accompany the injury or force used in the course of a theft, we considered whether robbery's injury/force component is the equivalent of simple assault. Id. at 142-48, 603 A.2d 21. Recognizing that "one could be found guilty of second-degree robbery in some contexts in which one could not similarly be found guilty of simple assault," we determined that "robbery cannot be viewed merely as theft accompanied by simple assault." Id. at 146, 603 A.2d 21.
The Legislature added the words "or force" to the robbery statute, expanding the concept of robbery to include qualifying acts that do not require the perpetrator to inflict bodily injury. Id. at 146-47, 603 A.2d 21. Clearly then, "the shorthand understanding that robbery equals theft plus assault is inconsistent with the **149 clear, [but admittedly] complicated, language of the [New Jersey] Code [of Criminal Justice]." Id. at 147, 603 A.2d 21.
Sewell should not be over-read as completely barring assault as a lesser-included offense of robbery. There may be circumstances in which the evidence adduced at trial supports a charge on assault as a lesser-included offense of robbery. Those circumstances are not before us and we comment no further. Here, we determine only that the trial court had no obligation to charge the jury sua sponte on aggravated assault as a lesser-included offense of the State's robbery charge.
V.
We reverse the judgment of the Appellate Division and reinstate defendant's convictions.
CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, and SOLOMON join in JUSTICE TIMPONE's opinion.