**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2138-16T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DAQUAN LAPREAD,

     Defendant-Appellant.

_____

Submitted October 3, 2018 – Decided  October 18, 2018

Before Judges Fuentes, Vernoia and Moynihan.

On appeal from Superior Court of New Jersey, Law Division, Essex County, Indictment No. 15-10-2477.

Joseph E. Krakora, Public Defender, attorney for appellant (Daniel S. Rockoff, Assistant Deputy Public Defender, of counsel and on the brief).

Theodore Stephens II, Acting Essex County Prosecutor, attorney for respondent (LeeAnn Cunningham, Special Deputy Attorney General/ Acting Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Daquan Lapread appeals from a final judgment of conviction entered following a trial at which a jury found him guilty of second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1), second-degree possession of a handgun for unlawful purposes, N.J.S.A. 2C:39-4(a), and second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b).  Because we find no merit in defendant's contention the court erred by failing to charge the jury on lesser-included offenses of fourth-degree aggravated assault, N.J.S.A. 2C:12-1(b)(3), and simple assault, N.J.S.A. 2C:12-1(a)(1), (2) and (3), we affirm.

I.

Defendant was charged in an indictment with first-degree attempted murder of Dashawn Kline, N.J.S.A. 2C:5-1 and N.J.S.A. 2C:11-3(a), second-degree aggravated assault of Kline, N.J.S.A. 2C:12-1(b)(1), second-degree possession of a handgun for unlawful purposes, N.J.S.A. 2C:39-4(a), and second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b).

The evidence at the trial showed that during the afternoon of May 7, 2015, Mario Martinez, Sr. drove his vehicle down South 11th Street in Newark.  His son, Mario Martinez, Jr. (Martinez), was in the passenger seat.  They observed a man, later identified as Dashawn Kline, riding a bicycle in front of them.  They

2

also saw another man, later identified as defendant, standing next to the stairs of a house on the street.

From approximately twenty-five feet away, Martinez saw Kline approach defendant, get off the bicycle, and begin talking with defendant. Based on his observations of Kline and defendant, including the motions of their hands, Martinez believed defendant and Kline were about to fight.

Martinez saw Kline walk away from defendant toward the Martinezes' vehicle. According to Martinez, defendant then pulled out a handgun and pointed it. Martinez heard a gunshot and Kline scream as Kline moved past the rear of the vehicle toward 10th Street.

Mario Martinez, Sr. moved the car up the street, but one of its rear tires was damaged by the bullet that had been fired from defendant's gun. Martinez saw defendant move between houses and through an empty lot toward 12th Street.

Martinez called 911, explained he witnessed a shooting and provided a description of the shooter. The police later brought defendant to the scene of the shooting, and Martinez identified defendant as the shooter at that time.

A-2138-16T2

The police administered Miranda[1] warnings to defendant and interrogated him. When asked what had occurred on South 11th Street, defendant explained that Kline approached him and told him to stay away from the mother of Kline's daughter. According to defendant, Kline threatened him. Defendant stated that when Kline began to leave, he "gave it to him," explaining that he "pulled a [forty-caliber] gun" from his "hip" and shot Kline once. Defendant knew he had shot Kline because he heard Kline "screaming" as Kline "ran off." During the interrogation, defendant identified Kline in a photograph and admitted Kline was the individual he shot.

The police recovered a forty-caliber shell casing from the scene. Kline was treated at a nearby hospital for a gunshot wound to his right hand. At trial, it was stipulated Kline's gunshot wound did not constitute a "serious bodily injury."

The jury found defendant not guilty of attempted murder, but convicted him of second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1), possession of a handgun for unlawful purposes and unlawful possession of a weapon. The court imposed an aggregate ten-year sentence subject to the requirements of the No Early Release Act, N.J.S.A. 2C:43-7.2. This appeal followed.

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

A-2138-16T2

Defendant presents the following arguments for our consideration:

POINT I

THE TRIAL COURT ERRED BY REFUSING THE DEFENDANT'S REQUEST TO CHARGE THE JURY ON SIMPLE ASSAULT AS A LESSER OFFENSE OF SECOND-DEGREE AGGRAVATED ASSAULT. ALTERNATIVELY, THE TRIAL COURT ERRED BY NOT CHARGING THE JURY ON FOURTH-DEGREE AGGRAVATED ASSAULT AS A LESSER OFFENSE OF SECOND-DEGREE AGGRAVATED ASSAULT.

A. The Trial Court Erred By Denying The Defendant's Request for A Simple Assault Charge.

B. The Trial Court Erred By Failing To Sua Sponte Charge The Jury On Fourth-Degree Aggravated Assault.

C. This Court Should Reverse The Second-Degree Aggravated Assault Conviction.

II.

Defendant first argues his conviction for second-degree aggravated assault should be reversed because the court rejected his request to charge the jury on simple assault under N.J.S.A. 2C:12-1(a)(1), (2) and (3) as a lesser-included offense of second-degree aggravated assault. The trial court rejected defendant's request, finding there was no rational basis in the evidence supporting a charge of simple assault.

5

"When a defendant requests a lesser-included-offense charge, 'the trial court is obligated, in view of defendant's interest, to examine the record thoroughly to determine,'" State v. Alexander, 233 N.J. 132, 142 (2018), if "there is a rational basis for a verdict convicting the defendant of the included offense," ibid. (quoting N.J.S.A. 2C:1-8(e)). In considering whether to instruct a jury on a requested lesser-included offense, a trial court must determine "whether the evidence presents a rational basis on which the jury could acquit the defendant of the greater charge and convict the defendant of the lesser." State v. Cassady, 198 N.J. 165, 178 (2009) (quoting State v. Brent, 137 N.J. 107, 117 (1994)).

Although "sheer speculation does not constitute a rational basis," State v. Reddish, 181 N.J. 553, 626 (2004) (quoting Brent, 137 N.J. at 118), "the rational-basis test . . . imposes a low threshold," State v. Crisantos, 102 N.J. 265, 278 (1986), that warrants an instruction when the evidence "leaves room for dispute," ibid. (quoting State v. Sinclair, 49 N.J. 525, 542 (1967)). "A defendant is entitled to an instruction on a lesser offense supported by the evidence regardless of whether that charge is consistent with the theory of the defendant's defense." Brent, 137 N.J. at 118. "A rational basis may exist, although the jury is likely to reject defendant's theory." State v. Mejia, 141 N.J. 475, 489 (1995). "[F]ailure to instruct the jury at

A-2138-16T2

the defendant's request on a lesser charge for which the evidence provides a rational basis warrants reversal of the defendant's conviction." Brent, 137 N.J. at 118.

Defendant argues there was a rational basis in the evidence for the jury to convict defendant of simple assault under N.J.S.A. 2C:12-1(a)(1), because the evidence showed he recklessly caused Kline's injuries. See N.J.S.A. 2C:12-1(a)(1) (providing in pertinent part that a person commits a simple assault by recklessly causing bodily injury to another); see also Model Jury Charge (Criminal), "Simple Assault (Bodily Injury) (Lesser Included Offense) (N.J.S.A. 2C:12-1(a)(1))" (rev. May 8, 2006) (defining elements of simple assault under N.J.S.A. 2C:12-1(a)(1)). Defendant argues the evidence permitted the jury to rationally conclude that he "was reckless in his aim when he fired the gun."

A defendant acts recklessly when he or she "consciously disregards a substantial and unjustifiable risk," which "involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation." N.J.S.A. 2C:2-2(b)(3). We discern no evidence in the record providing a rational basis to conclude defendant acted recklessly, and defendant points to none. Defendant admitted he was confronted and threatened by Kline and, in response, decided to "give it to" Kline. Defendant then pulled a handgun from his "hip" and shot Kline. See, e.g., State v. Sanchez, 224 N.J. Super. 231, 243 (App. Div. 1988)

(finding there was no support in the evidence for a recklessness instruction to the jury where evidence showed defendant intentionally shot the victims).

Defendant's admissions establish he did not recklessly aim and fire the gun or recklessly cause Kline's injuries. Defendant's contentions to the contrary are founded on mere speculation. See Brent, 137 N.J. at 118 ("[S]heer speculation does not constitute a rational basis."). His admissions establish that he acted with a "conscious object to" shoot and cause injury to Kline and therefore acted "purposely," N.J.S.A. 2C:2-2(b)(1), and that he acted with knowledge of the "nature of his conduct," and thus acted "knowingly," N.J.S.A. 2C:2-2(b)(2). Absent from the record is any evidence supporting a rational basis to conclude defendant's shooting of Kline was the result of recklessness as defined under N.J.S.A. 2C:2-2(b)(3). The court did not err by rejecting defendant's request to charge the jury on simple assault under N.J.S.A. 2C:12-1(a)(1).

For the same reasons, we reject defendant's claim he was entitled to a lesser-included offense charge for simple assault under N.J.S.A. 2C:12-1(a)(2), which provides that a person commits the offense by "[n]egligently caus[ing] bodily injury to another with a deadly weapon." N.J.S.A. 2C:12-1(a)(2); see also Model Jury Charge (Criminal), "Simple Assault (Negligently Causing Bodily Injury with a Deadly Weapon) (N.J.S.A. 2C:12-1(a)(2))" (approved Sept. 10, 2012) (defining

elements of simple assault under N.J.S.A. 2C:12-1(a)(2)). A defendant "acts negligently with respect to a material element of an offense when he [or she] should be aware of a substantial and unjustifiable risk that a material element exists or will result from his [or her] conduct." N.J.S.A. 2C:2-2(b)(4).

Again, the record shows defendant acted with an intention and purpose to shoot Kline. There is no evidence showing the gun was fired negligently or that Kline's injuries were negligently caused. In the absence of evidence supporting a rational basis for the jury to convict defendant of simple assault under N.J.S.A. 2C:12-1(a)(2), the court also correctly denied defendant's request for a lesser-included offense charge under the statute.

Defendant also argues the court erred by rejecting his request for an instruction on simple assault under N.J.S.A. 2C:12-1(a)(3) as a lesser-included offense. A simple assault under N.J.S.A. 2C:12-1(a)(3) is committed when a person "[a]ttempts by physical menace to put another in fear of imminent serious bodily injury." N.J.S.A. 2C:12-1(a)(3); see also Model Jury Charge (Criminal), "Simple Assault (Physical Menace/Substantial Step) (Lesser Included) (N.J.S.A. 2C:12-1(a)(3))" (approved May 8, 2006) (defining elements of simple assault under N.J.S.A. 2C:12-1(a)(3)).

Our review of the record reveals no rational basis permitting a jury to convict defendant of simple assault under N.J.S.A. 2C:12-1(a)(3). The evidence showed Kline walked away from defendant before defendant pulled the gun from his hip, and there is no evidence Kline knew defendant had a gun prior to being shot. Thus, there is no rational basis in the evidence permitting a conviction for simple assault by placing Kline in fear of imminent serious bodily injury. Moreover, defendant actually shot and injured Kline, and therefore could not have merely placed Kline in fear of imminent bodily injury. See State v. Johnson, 216 N.J. Super. 588, 617 (App. Div. 1987) (finding no rational basis to charge a lesser-included offense under N.J.S.A. 2C:12-1(a)(3) where the victim "was not merely placed in fear of injury" but instead was shot by the defendant).

Defendant also contends the court erred by failing to sua sponte instruct the jury on fourth-degree aggravated assault under N.J.S.A. 2C:12-1(b)(3), a lesser-included offense of second-degree aggravated assault under N.J.S.A. 2C:12-1(b)(1). More particularly, defendant contends the jury should have been charged under N.J.S.A. 2C:12-1(b)(3), which provides that a person is guilty of aggravated assault if he or she "[r]ecklessly causes bodily injury to another with

10 <span>A-2138-16T2</span>

a deadly weapon," because the basis for the charge was "clearly indicated" by the record.

We review for plain error a claim a trial court failed to sua sponte charge a lesser-included offense. Alexander, 233 N.J. at 141-42 (2018). "To warrant reversal, the unchallenged error must have been 'clearly capable of producing an unjust result.'" Id. at 142 (quoting R. 2:10-2). The possibility of an unjust result "must be real, one sufficient to raise a reasonable doubt as to whether the error led the jury to a result it otherwise might not have reached." State v. Macon, 57 N.J. 325, 336 (1971).

Where, as here, there was no request for a jury charge, we apply a "higher standard" than the rational basis requirement and will find a court erred by failing to sua sponte give the charge only where the unrequested charge is "'clearly indicated' from the record." Alexander, 233 N.J. at 143. The clearly indicated standard requires a sua sponte instruction on a lesser-included offense "only where the facts in evidence 'clearly indicate' the appropriateness of the charge," ibid. (quoting State v. Savage, 172 N.J. 374, 397 (2002)), or where "there is 'obvious record support for such [a] charge[,]'" State v. Funderburg, 225 N.J. 66, 81 (2016) (quoting State v. Powell, 84 N.J. 305, 319 (1980)).

Applying these principles, we find no error in the court's failure to charge fourth-degree aggravated assault under N.J.S.A. 2C:12-1(b)(3) as a lesser-included offense to second-degree aggravated assault under N.J.S.A. 2C:12-1(b)(1) because we are not convinced the evidence clearly indicated the appropriateness of the charge.

A defendant commits fourth-degree aggravated assault where the defendant: (1) causes bodily injury to another; (2) the bodily injury is caused by a deadly weapon; and (3) the defendant acted recklessly. N.J.S.A. 2C:12-1(b)(3); see also Model Jury Charge (Criminal), "Aggravated Assault – Bodily Injury with Deadly Weapon (Recklessly) (N.J.S.A. 2C:12-1(b)(3))" (approved June 5, 2006). Here, the evidence clearly indicated the first two elements of a fourth-degree aggravated assault; it showed defendant caused bodily injury to Kline with a handgun.

We are, however, convinced the evidence did not clearly indicate that a charge on fourth-degree aggravated assault charge was appropriate. As noted, absent from the record is any evidence that clearly indicates defendant's shooting of Kline and causing Kline's injuries was the result of recklessness as defined under N.J.S.A. 2C:2-2(b)(3). See Sanchez, 224 N.J. Super. at 242.

Defendant last argues we should reverse his conviction for second-degree aggravated assault because the court erred by failing to instruct the jury on all of the purported lesser-included offenses he contends were supported by the record. For the reasons noted, the argument is without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2138-16T2