**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0885-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RODNEY JOHNSON,

    Defendant-Appellant.

_____

Submitted March 16, 2022 – Decided March 23, 2022

Before Judges Rose and Enright.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 05-03-0305.

Rodney Johnson, appellant pro se.

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Stephanie Davis Elson, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Rodney Johnson appeals pro se from a December 3, 2018 order denying his second petition for post-conviction relief (PCR) as untimely under Rule 3:22-12(a)(2). We agree and affirm.

In 2006, a jury convicted defendant of multiple offenses charged in a Hudson County indictment, including conspiracy to commit armed robbery, murder, felony murder, armed robbery, and related weapons offenses for his part in the shooting death of James Ransom and robbery of David Ransom. At the time of the incident, the victims were waiting for their food orders at a fried chicken store in Jersey City. As they fled the scene, defendant and his co-defendant shot at the responding officer. Defendant was arrested shortly thereafter.

The trial judge sentenced defendant to an aggregate term of life imprisonment, plus twenty-five years, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. We affirmed defendant's convictions and sentence. State v. Johnson, No. A-5330-06 (App. Div. Apr. 9, 2010). The Court denied certification. 203 N.J. 440 (2010).

In February 2011, defendant filed a timely petition for PCR, asserting trial counsel was ineffective for "failing to conduct a proper investigation and failing to object to the trial judge's decision to close the courtroom during jury

2

selection." State v. Johnson, No. A-0251-12 (App. Div. Aug 7, 2014) (slip. op. at 1), certif. denied, 220 N.J. 289 (2015). Defendant also alleged appellate counsel was ineffective for "failing to argue the denial of a public trial issue on direct appeal." Ibid. The PCR court denied defendant's petition without a hearing, and we affirmed. Ibid. The Court denied certification. 220 N.J. 269 (2015).

Five years later, on September 26, 2018,[1] defendant filed a second PCR petition, asserting trial counsel was ineffective for a litany of reasons. Defendant failed to address the reasons for his untimely filing. Nor did he challenge the effectiveness of PCR counsel's representation on his initial petition. On December 3, 2018,[2] another PCR judge denied defendant's petition on the papers. The order tersely stated: "Defendant's second [p]etition is DENIED pursuant to R[ule] 3:22-4(b). The [p]etition is not timely pursuant to R. 3:22-12(a)(2)." This appeal followed.

On appeal, defendant raises the following "grounds" for consideration:

---

[1] Inexplicably, defendant's merits brief states his second PCR petition was filed on March 26, 2019, and defendant's appendix does not include his petition. Upon inquiry by this court, the Law Division provided defendant's filed petition, which was purportedly signed on March 26, 2020.

[2] Defendant's merits brief inaccurately states the order was filed on May 2, 2019.

A-0885-19

## GROUND I

TRIAL COUNSEL WAS INEFFECTIVE BECAUSE OF A CONFLICT OF INTEREST WHICH VIOLATED DEFENDANT'S CONSTITUTION[AL] RIGHT[] TO [A] FAIR TRIAL. THE LAWYER REPRESENTED [DEFENDANT]. [DEFENDANT] PAID HIM BUT HE ALSO [SOUGHT] AND RECEIVED PAYMENT FROM THE OFFICE OF THE PUBLIC DEFENDER.

## GROUND II

TRIAL COUNSEL WAS INEFFECTIVE FOR FAILURE TO VOIR DIRE THE JURY. THIS VIOLATED DEFENDANT'S CONSTITUTION[AL] RIGHT[] TO [A] FAIR TRIAL.

## GROUND III

TRIAL COUNSEL['S] FAILURE TO FILE ANY MOTIONS VIOLATED DEFENDANT'S CONSTITUTIONAL RIGHT TO [A] FAIR TRIAL.

## GROUND IV

TRIAL COUNSEL FAIL[ED] TO CALL GEORGE TAYLOR AS [A] WITNESS[,] WHICH[] VIOLATED DEFENDANT'S CONSTITUTIONAL RIGHT TO [A] FAIR TRIAL. THIS POTENTIAL WITNESS POSSESSED EXCULPATORY EVIDENCE.

## GROUND V

TRIAL COUNSEL WAS STRESSED BECAUSE OF [A] CONFLICT DUE TO THE FACT HE HIMSELF WAS UNDER INVESTIGATION AT THE TIME OF DEFENDANT'S TRIAL. THIS VIOLATED

4

DEFENDANT'S CONSTITUTIONAL RIGHT TO A FAIR TRIAL.

## GROUND VI

TRIAL COUNSEL FAILED TO CONDUCT ANY INVESTIGATION. THIS VIOLATED DEFENDANT'S CONSTITUTIONAL RIGHT TO [A] FAIR TRIAL.

## GROUND VII

TRIAL COUNSEL WAS INEFFECTIVE FOR FAILURE TO PURSUE THE ISSUE OF A HARSH AND EXCESSIVE SENTENCE.

## GROUND VIII

TRIAL COUNSEL WAS INEFFECTIVE FOR PERMITTING [THE] CASE TO GO TO TRIAL WITHOUT FULL DISCOVERY. THIS VIOLATED DEFENDANT'S CONSTITUTIONAL RIGHT TO [A] FAIR TRIAL.

## GROUND IX

TRIAL COUNSEL DID NOT MEET WITH [DEFENDANT] TO DISCUSS [DEFENDANT'S] CASE. [TRIAL COUNSEL AND DEFENDANT] NEVER HAD A CONFERENCE ABOUT THE EVIDENCE OR THE CASE. WHEN YOU HIRE A LAWYER HE COMES TO YOU AND INTERVIEWS YOU. THE CLIENT EXPLAINS WHAT TOOK PLACE AND THE LAWYER OUTLINES A PLAN OF ATTACK. THIS NEVER TOOK PLACE IN [DEFENDANT]'S CASE. THIS VIOLATED DEFENDANT'S CONSTITUTIONAL RIGHT TO [A] FAIR TRIAL.

A-0885-19

## GROUND X

TRIAL COUNSEL WAS DECEITFUL AND DISHONEST. AT THE TIME OF THE CRIME[,] I WAS [TWENTY-THREE] YEARS OF AGE, AND MY MIND WAS NOT FULLY DEVELOPED, AND I LACKED EXPERIENCE AND GOOD JUDGMENT. THE LAWYER TOOK ADVANTAGE OF [DEFENDANT]. HE WAS A CROOK AND WENT TO JAIL.

## GROUND XI

[DEFENDANT] HIRED COUNSEL AND PAID HIM $17,000.00 DOLLARS TO REPRESENT HIM. THEREAFTER[,] [DEFENDANT] DISCOVERED THAT HE PETITIONED THE PUBLIC DEFENDER'S OFFICE TO ALSO COMPENSATE HIM. HE WAS DOUBLE DIPPING.

## GROUND XII

TRIAL COUNSEL DID NOT FILE ANY MOTIONS ON BEHALF OF [DEFENDANT].

## GROUND XIII

IF NOT ONE OF THE ISSUES IN AND OF ITSELF IS SUFFICIENT TO GRANT [DEFENDANT] A NEW TRIAL, CERTAINLY COLLECTIVELY [DEFENDANT] IS ENTITLED TO A NEW TRIAL OR AT THE VERY LEAST AN[] EVIDENTIARY HEARING.

## GROUND XI[V]

JURISDICTION, THE BURDEN OF PROOF TO OBTAIN RELIEF, THE REQUIREMENT OF AN

6

A-0885-19

EVIDENTIARY HEARING WITH THE MOVANT PRESENT, AND THE NEED FOR A RULING WHICH INCORPORATES FINDINGS OF FACT AND SPECIFIC CONCLUSIONS OF LAW.
(Not raised below)

In his reply brief, defendant raises an additional argument:

THE PCR COURT ERRED WHEN IT DENIED A SECOND PETITION FOR [PCR] DUE TO A PROCEDURAL BAR.

Rule 3:22-4(b)(1) requires dismissal of a second petition if untimely under Rule 3:22-12(a)(2). Specifically, under Rule 3:22-4(b):

A second or subsequent petition for post-conviction relief shall be dismissed unless:

(1) it is timely under [Rule] 3:22-12(a)(2); and

(2) it alleges on its face either:

(A) that the petition relies on a new rule of constitutional law, made retroactive to defendant's petition by the United States Supreme Court or the Supreme Court of New Jersey, that was unavailable during the pendency of any prior proceedings; or

(B) that the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence, and the facts underlying the ground for relief, if proven and viewed in light of the evidence as a whole, would raise a reasonable probability that the relief sought would be granted; or

(C) that the petition alleges a prima facie case of ineffective assistance of counsel that represented the

7

defendant on the first or subsequent application for post-conviction relief.

Under Rule 3:22-12(a)(2), a second or subsequent petition for PCR must be filed within one year after the latest of:

> (A) the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases on collateral review; or
>
> (B) the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or
>
> (C) the date of the denial of the first or subsequent application for post-conviction relief where ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief is being alleged.

A 2009 amendment to the Rule makes clear beyond question that the one-year limitation for second or subsequent petitions is non-relaxable. See R. 3:22-12(b); State v. Jackson, 454 N.J. Super. 284, 293 (App. Div. 2018); see also R. 1:3-4(c) (prohibiting the court and the parties from enlarging the time to file a petition for PCR under Rule 3:22-12).

Application of these rules makes plain the PCR court was correct in dismissing defendant's second PCR petition as untimely. Defendant filed his

second PCR petition on September 26, 2018, more than one year beyond the denial of his first petition on March 29, 2012. Defendant asserted no reasons for the untimeliness of his second petition in his merits brief.

In his reply brief, defendant summarily asserts the United States Supreme Court's decision in McCoy v. Louisiana, 584 U.S. ___, 138 S. Ct. 1500 (2018), "is retroactive to his case." Defendant also generally claims "PCR counsel should have recognized how trial counsel violated [defendant]'s rights." We decline to consider defendant's belated, unsupported arguments. See State v. Smith, 55 N.J. 476, 488 (1970) (recognizing the impropriety of raising an issue for the first time – or enlarging the main argument – in a reply brief); see also State v. Alexander, 233 N.J. 132, 148 (2018) (noting appellate courts usually do not consider an argument raised for the first time on appeal).

Because defendant's second petition is obviously time-barred under Rule 3:22-4(b), as noted by the PCR court in its order, our review was not impeded by the court's failure to explain its findings pursuant to Rule 1:7-4(a) (stating that the trial court "shall, by an opinion or memorandum decision, either written or oral, find the facts and state its conclusions of law thereon in all actions tried without a jury, on every motion decided by a written order that is appealable as of right, and also as required by [Rule] 3:29").

A-0885-19

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0885-19